## IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE: :                               )
                                       )
ADRIAN POTRZEBOWSKI,                   )        BANCRUPTCY CASE
                                       )        NO.: 23-04752
             Debtor,                   )        CHAPTER 13
                                       )        JUDGE:
                                       )

## EMERGENCY MOTION TO MODIFY THE AUTOMATIC STAY

NOW COMES creditor, MONIKA POTRZEBOWSKI (hereinafter "MONIKA") by and through her counsel, ANNA SPEARS of Spears Law Group P.C., and requests that the Automatic Stay be Lifted to allow MONIK to file and litigate her Motion to Correct Mutual Mistake in the Judgment for Dissolution of Marriage or in Alternative Motion to Modify Judgment for Dissolution of Marriage, which MONIKA intends to file in the 19th Judicial District Court, Domestic Division, Lake County, Illinois in case number 2019 D 1425. In support of her Motion to Modify the Automatic Stay, MONIKA states as follows:

1.     That the Judgment for Dissolution of Marriage in case number 2019 D1425 between MONIKA and Debtor, Adrian Potrzebowski was entered by Honorable Judge Bruno of 19th Judicial District Court, Lake County, Illinois (hereinafter "State Court") on March 21, 2023.

2.     That MONIK intends to file her Motion to Correct Mutual Mistake in the Judgment for Dissolution of Marriage or in Alternative Motion to Modify Judgment for Dissolution of Marriage in State Court pursuant to Section 5/12-1203 of the Illinois Code of Civil Procedure and pursuant to Section 505 of the Illinois Marriage and Dissolution of Marriage and in accordance with Illinois public policy considerations.

3.      That Section 5/12-1203 states in pertinent part that: "Motions after judgment in non-jury cases.

(a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief".

4.      That instant motion is an emergency as the 30-day period as specified in Section 5/12-1203 expires on April 20, 2023.

5.      That on April 10, 2023, Debtor, ADRIAN POTREZBOWSKI (hereinafter "ADRIAN") filed his Petition for Bankruptcy Chapter 13.

6.      That MONIKA just recently received her Notice of Automatic Stay.

7.      On or about March 21, 2023, this State Court entered a Judgment for Dissolution of Marriage. A true and correct copy of said Judgment is attached hereto and made a part hereof as EXHIBIT A.

8.      That parties have negotiated a final settlement of dissolution of marriage matter in person in Court on March 21, 2023.

9.      That parties have reached an agreement that they both would be equally responsible for the parties' child future collage expenses, which was inadvertently omitted in the Marital Settlement Agreement.

10.      That parties' agreement regarding mutual obligation for the payment for college expenses was memorialized by the parties in writing and executed by both parties on March 21, 2023. The Respondent is unable to attach said agreement as the original was retained by Petitioner's Counsel and no copies were made by the parties.

11.    That further, both parties advised the Court, prior to Petitioner's Counsel drafting of Marital Settlement Agreement of the terms of their final agreement which included both parties' intent to be responsible for 50% of the parties' child's future college expenses.

12.    The Judgment for Dissolution of Marriage incorporating Marital Settlement Agreement, by way of mutual mistake, violates Section 505 of the Illinois Marriage and Dissolution of Marriage Act, and contradicts the terms of the true agreement of the parties.

13.    That MONIKA has attempted to reach out to ADRIAN's counsel to enter the correct Marital Settlement Agreement; however, these attempts have been met with Counsel for ADRIAN advising MONIKA that he no longer represents the Petitioner, and his filing a motion to withdraw as attorney, causing MONIKA to incur avoidable and unnecessary fees.

14.    11 U.S. Code § 362 - Automatic stay **states in pertinent part that:** The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

 **(2)**under subsection (a)
**(A)**of the commencement or continuation of a civil action or proceeding—
**(i)**
for the establishment of paternity;
**(ii)**
for the establishment or modification of an order for domestic support obligations;
**(iii)**
concerning child custody or visitation;
**(iv)**
for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
**(v)**
regarding domestic violence;

15.    That college expenses are in the nature of domestic support obligation.

16.    That MONIKA requests that State Court corrected Marital Settlement Agreement mandating ADRIAN to pay 50% of the parties child college expenses be incorporated into the Judgment for Dissolution of Marriage and entered into the Judgment for Dissolution of Marriage Nunc Pro Tunc to March 21, 2023.

17.    That parties child is currently 11 years old and thus likely no bankruptcy estate will be responsible for making any college payments for parties minor child, as the college expenses for parties child would not come into effect for at least 7 years, at which time ADRIAN's bankruptcy plan would be either discharged or complied with.

18.    That further, ADRIAN is past due on his share of contribution to child related expenses., and there is a need to file an enforcement proceedings.

19.    No cause exists to delay the modification of the Judgment for Dissolution of Marriage and implementation of relief and Bankruptcy Rule 4001(A)(3) should be waived as to aforementioned proceedings.

WHEREFORE, YOUR MOVANT respectfully prays that the Automatic Stay as to Dissolution of Marriage proceedings modification of Judgment for Dissolution of Marriage to incorporate parties agreement as to payment for child's college expenses be modified and that Bankruptcy Rule 4001(a)(3) be waived as not applicable and leave be granted to MONIKA POTRZEBOWSKA to proceed with her filing and litigation of her Motion to Correct Mutual Mistake in the Judgment for Dissolution of Marriage or in Alternative Motion to Modify Judgment for Dissolution of Marriage in the 19th Judicial District Court, Lake County, Illinois,

and to allow MONIKA to file and domestic support enforcement proceedings against ADRIAN, and for such other and further relief as this court deems just.

<div style="margin-left:40%">

Respectfully submitted,
MONIKA POTRZEBOWSKA,

BY:   *Anna Spears*

Anna Spears
Respondent's Attorney

</div>

Anna Spears
**SPEARS LAW GROUP, P.C.**
Attorney No. 6294615
60 E Main St., Ste. 2D
Cary, IL 60013
847-809-5987
Fax 847-829-4745
annaspears@annaspears.com

Under penalties as provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

MONIKA POTRZEBOWSKA

_Potrzebowska_

SPEARS LAW GROUP, P.C.
Anna Spears
ARDC# 6294615
55 Lakeview Lane
Barrington Hills, IL 60010
Ph. 847 809-5987
Fax 224 848-4440
annaspears@annaspears.com

# EXHIBIT A

#6289539

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

FILED

MAR 2 1 2023

Erin Cartwright Weinstein
CIRCUIT CLERK

| | |
|---|---|
| IN RE THE MARRIAGE OF | ) |
| | ) |
| ADRIAN POTRZEBOWSKI | ) |
| PETITIONER, | ) |
| | ) |
| and | ) NO. 2019 D 1425 |
| | ) |
| MONIKA POTRZEBOWSKI | ) |
| RESPONDENT. | ) |

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

This cause, coming on to be heard upon the regular call of the calendar of contested matters of this Court, upon the duly verified Petition For Dissolution Of Marriage of the Petitioner, ADRIAN POTRZEBOWSKI, being represented by GREGORY GANCARCZYK, of GAN LAW GROUP, and the Respondent, MONIKA POTRZEBOWSKA also known as MONIKA POTRZEBOWSKI, represented by Attorney ANNA SPEARS, the parties having reached an agreement on March 21, 2023 on second day of trial, and the parties then having proceeded on ADRIAN'S Petition for Dissolution of Marriage, and the Petitioner having testified in support of his Petition for Dissolution of Marriage, and the Court having heard the testimony of Petitioner after having been duly sworn and examined in open court in support of his allegations set forth in her Petition for Dissolution of Marriage, and this Court having considered all of the evidence presented, the circumstances of the parties and the terms and provisions of a written marital settlement agreement entered into between them, and now being otherwise duly advised in the premises; DOTH HEREBY FINDS AS FOLLOWS:

1.   That this Court has jurisdiction of the parties hereto and the subject matter hereof;

2.   That the Petitioner was, at the time of commencement of this action, a resident of the State of Illinois, and such residence has been maintained in excess of ninety (90) days next preceding the making of this finding;

3.   That the parties hereto were lawfully joined in marriage on, to-wit: June 21, 2003, and said marriage was registered in the City of Lodz, Country of Poland, that they have ceased cohabitating as husband and wife for a period in excess of six months;

4.   That one child was born to the parties, namely, Nicole, born November 3, 2011, and no other children were adopted by the parties, and MONIKA is not now pregnant;

5.   That during the course of the marriage, irreconcilable differences have caused the irretrievable breakdown of the marriage, past efforts at reconciliation have

1

failed, and future efforts at reconciliation would be impracticable and not in the best interests of the parties. That the parties have ceased cohabiting together as husband and wife for in excess of six months prior the entry of this Judgment of Dissolution of Marriage.

6.      The parties hereto have entered into a Marital Settlement Agreement dated the 21st day of March, 2023, in Lake County, Illinois concerning the respective rights of each party in and to the property, income or estate which either of them now owns or may hereafter acquire, including a division of all marital and non-marital property, and other matters, which Agreement has been presented to this Court for its consideration. Said Agreement was entered into freely and voluntarily between the parties hereto. It is not unconscionable and ought to receive the approval of this Court.

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED:

A.      The parties are awarded a Judgment of Dissolution of Marriage, and the bonds of marriage heretofore existing between the Petitioner, ADRIAN POTRZEBOWSKI, and the Respondent, MONIKA POTRZEBOWSKI be, and the same are hereby dissolved.

B.      The Marital Settlement Agreement between the Petitioner and the Respondent hereinafter set forth in full, is hereby incorporated verbatim, and shall be made part of the court file, and all of the provisions of said Agreement are expressly ratified, confirmed, approved and adopted as the orders of this Court to the same extent and with the same force and effect as if said provisions were in this paragraph set forth verbatim as the Judgment of this Court; each of the parties hereto shall perform under the terms of this Agreement.

C.      This Court expressly retains jurisdiction of this cause for the purpose of enforcing all the terms of this Judgment of Dissolution of Marriage, including all the terms of the Marital Settlement Agreement made in writing between the Parties as hereinabove set forth.

D.      That MONIKA is granted the use of her maiden name, "_Cieslak_," if she so chooses.

ENTER:

_____        _____
                 JUDGE                                          DATE

**Gan Law Group**
Attorney for Petitioner
161 N. Clark, 17th floor
Chicago, Illinois 60602
(312) 981-5060
Attorney No. 6289539
Gregory@ganlawgroup.com

## MARITAL SETTLEMENT AGREEMENT

THIS MARITAL SETTLEMENT AGREEMENT, (hereinafter sometimes referred to as "Agreement") made and entered into this 2st day of March, 2023, by and between Petitioner, ADRIAN POTRZEBOWSKI, and the Respondent, MONIKA POTRZEBOWSKI;

WHEREAS, the parties were lawfully married on June 21, 2003; and said marriage was registered in the City of Lodz, Country of Poland, and

WHEREAS, one child was born to the parties, namely, Nicole, born November 3, 2011. No other children were born to or adopted by the parties and MONIKA is not now pregnant;

WHEREAS, that during the course of the marriage, irreconcilable differences have caused the irretrievable breakdown of the marriage, past efforts at reconciliation have failed, and future efforts at reconciliation would be impracticable and not in the best interests of the parties.

WHEREAS, there is litigation pending between the parties in the Circuit Court of Cook County, Illinois, pursuant to the Illinois Marriage and Dissolution of Marriage Act, under case number 2019 D 1425. The case is entitled, "In Re: The Marriage of ADRIAN POTRZEBOWSKI, Petitioner, and MONIKA POTRZEBOWSKI, Respondent."  Said cause remains pending and undetermined; and

WHEREAS, ADRIAN has employed and had the benefit of the counsel of, GREGORY GANCARCZYK, of GAN LAW GROUP, as his counsel, and MONIKA has employed and had the benefit of the counsel of, ANNA SPEARS; and

WHEREAS, both parties expressly state that they have freely and voluntarily entered into this Agreement of their own volition, free of any duress or coercion and with full knowledge of each and every provision contained in this Agreement and the consequences thereof; and

WHEREAS, each party expressly states that no representation has been made by the other party or his or her attorney other than that which is contained in this Agreement.  The parties, after carefully considering the terms and provisions of this Agreement, state that they believe same to be fair and reasonable under their present circumstances; and

WHEREAS, that without any collusion as to the pending proceedings, and without any intent to obtain or stimulate a dissolution of marriage, and in the interest of avoiding protracted litigation, the parties hereto consider it to be in their best interests to settle between themselves now and forever the issues arising out of said litigation including, but not limited to, maintenance and support, property rights and attorneys'

fees, and to forever, finally and fully settle and adjudge between themselves, all other rights growing out of the marital, or any other relationship, now or previously existing between them and to fully and finally settle any and all rights of every kind, nature and description which either of them now has or may hereafter have or claim to have against the other, including all rights and claims in and to any property of the other, of every kind, nature and description, whether real, personal, marital, non-marital, or mixed, now owned or which may hereafter be acquired by either of them and further, including without limitation of the foregoing, all inchoate and other rights of dower and courtesy and all rights of homestead, inheritance, descent, distribution and community interest and surviving spouse's award;

WHEREAS, each party has, prior to signing this Marital Settlement Agreement, reviewed this Agreement in detail with his and her respective counsel and have been fully informed of their respective rights, and have further been informed that each party has a right to proceed to a fully contested trial which might result in an outcome which is different than what is provided for in this Marital Settlement Agreement, and knowing this, both parties have agreed to enter into this Marital Settlement Agreement;

WHEREAS, ADRIAN and MONIKA were both advised of their right to proceed by way of litigation, and both parties have expressly waived their respective rights to waive discovery and proceed by way of contested and stipulated agreement;

NOW THEREFORE, in consideration of the foregoing and of the mutual and several promises, covenants and undertakings contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby jointly and severally acknowledged, the parties do freely and voluntarily agree to each and every term and provision freely set forth in this Marital Settlement Agreement as follows:

4

## ARTICLE I
## RESERVATION OF RIGHTS

1.1    This Agreement is not one to obtain or stimulate a Judgment for Dissolution of Marriage.

1.2    Each party reserves the right to prosecute or defend any action now pending or which may hereafter be brought for relief under the Illinois Marriage and Dissolution of Marriage Act.

1.3    This Agreement shall be presented by the parties to the Court as their complete Agreement entered into by them, and in the event a Judgment of Dissolution of Marriage is entered, then this Agreement shall become a part of said Judgment, and shall govern the respective property rights and all other matters hereinafter set forth.  In the event no Judgment of Dissolution of Marriage is entered in this cause, then this Agreement shall become null and void.

1.4    If this Court or any Court shall alter, change or modify any portion of this Agreement at any time prior to the entry of a Judgment of Dissolution of Marriage, then any proceeding pending before this Court shall be suspended so that each party shall have an opportunity to consider the changes made to this Agreement, and if necessary, renegotiate all or any part of this Agreement, and if the parties are unable to come to an Agreement after any changes are made prior to entry of this Judgment of Dissolution of Marriage, then either party shall have the option to rescind such Agreement before the entry of said Judgment.

## ARTICLE II
## JUDGMENT FOR ALLOCATION OF PARENTAL RESPONSIBILITIES

2.1    The parties have executed a comprehensive Judgment for Allocation of Parental Responsibilities, which was entered by this Court on or about March 16, 2023.

## ARTICLE III
## MAINTENANCE

3.1    ADRIAN acknowledges that he is self-supporting, and able to take care of his own needs without the payment of maintenance from MONIKA.  ADRIAN is hereby barred from ever receiving maintenance from MONIKA, and therefore forever waives his right to return to this court or any other court to petition for, or otherwise request the payment of maintenance from MONIKA.

5

3.2    MONIKA acknowledges that she is self-supporting, and able to take care of her own needs without the payment of maintenance from ADRIAN. MONIKA is hereby barred from ever receiving maintenance from ADRIAN, and therefore forever waives his right to return to this court or any other court to petition for, or otherwise request the payment of maintenance from ADRIAN.

## ARTICLE IV
## CHILD SUPPORT

4.1    Based upon agreement of the parties and using ADRIAN'S gross income of $70,000.00 per annum and MONIKA'S gross income of $30,000.00 per annum, child support from ADRIAN to MONIKA is hereby set at $850.00 per month, for the benefit of the parties' one minor child.   The parties agree that the above referenced respective incomes of the parties are for purposes of this provision only.   Support payments shall be made via State and Disbursement Unit.    Payments shall be due by the 1st day of each and every month.

4.2    **Termination/Modification of Child Support:** The child support obligation of ADRIAN shall terminate and/or be modified upon the happening of an emancipation event as provided herein, except that the termination date shall not apply to any arrearage that may remain unpaid on that date. Pursuant to Section 510(d) of the Illinois Marriage and Dissolution of Marriage Act, and with respect to each minor child, an "emancipation event" shall occur or be deemed to have occurred upon the earliest to happen of any of the following:

a) A child reaching the age of 18 or completing his/her high school education, whichever shall last occur;

b) The child's marriage;

c) The child no longer residing in the residence of the mother on a permanent basis.  A residence at boarding school or camp is not to be deemed a residence away from the residence of parent;

d) Entry into the armed forces of the United States, but the emancipation event shall be deemed terminated and nullified upon discharge from such armed forces and thereafter, as if such emancipation event by reason of that entry had not occurred;

e) The death of the minor child;

f)   The child engaging in full time-employment except that the child's engaging in full-time employment during vacation or summer periods shall not be deemed an emancipation event.

4.3   With respect to the child tax credit and all exemptions attributable to the minor child, MONIKA shall be permitted to claim the minor child in all remaining years of her minority, or for so long the minor child can be claimed as a dependent on Federal and state income tax returns.   Parties stipulate that this provision was entered in consideration of MONIKA'S waiver of maintenance.

4.4   With respect to all required school expenses (such as books, registration fees, driver's education, school trips, school supplies,, school dances) and summer camps, attributable to the minor child, the parties shall split these expenses 50/50. Neither party shall unreasonably withhold their consent.   Upon MONIKA providing ADRIAN with a proof of payment such as a copy of a cancelled check, paid receipt, or bill indicating that payment has been made within fourteen (14) days of incurring said expense, ADRIAN shall reimburse MONIKA his 50% share of such expense within fourteen (14) days of his receipt of proof of payment.

4.5   With respect to the minor child's agreed-upon extra-curricular activity expenses, the parties shall split these expenses by way of a 50/50 split.   Neither party shall unreasonably withhold their consent.  Upon MONIKA providing ADRIAN with a proof of payment such as a copy of a cancelled check, paid receipt, or bill indicating that payment has been made within fourteen (14) days of incurring said expense, ADRIAN shall reimburse MONIKA his 50% share of such expense within fourteen (14) days of his receipt of proof of payment.

4.6   With respect to the following agreed-upon expenses for the minor child: tutoring expenses, purchase of an automobile (when the child obtains a driver's license), automobile insurance, reasonable auto repairs, reasonable fuel costs, and religious costs (church fees, costs of a reasonably priced reception for Nicole's confirmation celebration), the parties shall split these expenses 50/50.  Upon MONIKA providing ADRIAN with a proof of payment such as a copy of a cancelled check, paid receipt, or bill indicating that payment has been made within fourteen (14) days of incurring said expense, ADRIAN shall reimburse MONIKA his 50% share of such expense within fourteen (14) days of his receipt of proof of payment.

## ARTICLE V
## HEALTH INSURANCE

5.1   The parties acknowledge that the minor child is currently covered by All Kids State of Illinois.  In the event MONIKA no longer qualifies for State of Illinois

insurance for the child, the parties shall reach an agreement and attempt to obtain one private medical insurance coverage for the minor child, and shall split the monthly premium 50/50. With respect to the uncovered medical expenses (ordinary or extraordinary in nature), these expenses shall be split 50/50. Upon MONIKA providing ADRIAN with a proof of payment such as a copy of a cancelled check, paid receipt, or bill indicating that payment has been made within fourteen (14) days of incurring said expense, ADRIAN shall reimburse MONIKA his 50% share of such expense within fourteen (14) days of his receipt of proof of payment.

5.2   In the event there is a need by the child for the expenditure of extraordinary medical expenses, MONIKA shall notify ADRIAN of the nature of said expenses, and ADRIAN shall have the opportunity to contact the treating physician to confirm the necessity of said expenses. ADRIAN may, except in cases of emergency, obtain a second opinion within seven (7) days after being notified by MONIKA to the necessity of incurring said extraordinary medical expenses. If the opinion rendered by ADRIAN'S doctor does not indicate that said extraordinary medical expenses is recommended, then ADRIAN shall not be required to contribute to the payment of any such expenses, absent a written court order to the contrary. ADRIAN shall be solely responsible for 100% of costs associated with such a second opinion.

5.3   The requirement for MONIKA to provide the medical insurance stated in this Agreement shall terminate upon the first to occur of the following events:

    a.    Upon the child turning age eighteen (18) or graduation from high school, whichever last occurs, but in no event beyond age nineteen (19); however, if the children attends a college or university immediately after completing high school, the health insurance coverage shall continue so long as the minor children remains enrolled full-time and maintains a "C" average or better for up to four (4) consecutive years after high school;

    b.    Child's marriage;

    c.    Child maintaining a permanent residence away from home; however, residence at a college or other school campus shall not be deemed to be a residence away from home;

    d.    Child's death; or

    e.    Childs entry into the Armed Forces of the United States

5.4   Upon entry of this Judgment for Dissolution of Marriage, the parties shall be responsible for obtaining their own respective health insurance coverage, and shall be responsible for all costs associated herewith.

## ARTICLE VI
## REAL ESTATE

6.1     With respect to the parties' former marital residence located at 895 Penny Lane, Buffalo Grove, Illinois, this residence is hereby awarded to ADRIAN in its entirety, free and clear of any claim of MONIKA. Upon presentation, MONIKA shall sign quit claim deed relinquishing her interest in said residence to ADRIAN. The parties represent that to their best knowledge that there are no additional liens, aside from Spears's fee judgment and mortgage.   Immediately upon entry of this Judgment, ADRIAN shall be responsible for the monthly mortgage, any liens, known or unknown, past present and future real estate taxes, insurance, debts, and all utilities associated with this property, and he shall hold MONIKA harmless against payment of any these expenses.

6.2     With respect to the parties' residence located at 749 Trace Drive, Unit No. 208, Buffalo Grove, this residence is hereby awarded to MONIKA in its entirety, free and clear of any claim of ~~MONIKA~~. The parties agree that the deed to this property is already titled in MONIKA'S sole name.   Immediately upon entry of this Judgment, MONIKA shall be responsible for the monthly mortgage, any liens, known or unknown, past present and future real estate taxes, assessments, insurance, debts, and all utilities associated with this property, and she shall hold ADRIAN harmless against payment of any these expenses.   *Adrian*

6.3     With respect to the residence located at Sacharowa 87, Nr. 47, 92-518, Lodz, Poland, this residence is hereby awarded to MONIKA in its entirety, free and clear of any claim of MONIKA. The parties agree that the deed to this property is already titled in MONIKA'S sole name.   Immediately upon entry of this Judgment, MONIKA shall be responsible for the monthly mortgage, assessments, any liens, known or unknown, past present and future real estate taxes, insurance, debts, and all utilities associated with this property, and she shall hold ADRIAN harmless against payment of any these expenses.

## ARTICLE VII
## PROPERTY SETTLEMENT

7.1     Within thirty-one (31) days, following entry of this Judgment, by April 21, 2023, ADRIAN shall tender to MONIKA payment in the amount of $30,000.00 in certified funds.    By August 19, 2023, ADRIAN shall tender an additional $30,000.00 payment in certified funds to MONIKA.    The total property settlement shall be sixty thousand dollars ($60,000.00) in exchange of all MONIKA'S dissipation and property settlement claims.  Said property settlement shall be non-taxable payment incident to this dissolution of marriage proceeding, it and shall not be dischargeable in bankruptcy. MONIKA shall record said judgment of $60,000.00 against the Penny Lane property, as security.

7.2    Upon ADRIAN'S payment and satisfaction of the first $30,000.00 property settlement, MONIKA shall immediately file and record a partial release for Memorandum Judgment in the amount of $30,000.00, and provide proof thereof to ADRIAN.      Upon payment and satisfaction of the second property settlement installment in the amount of $30,000, MONIKA shall immediately release entire lien(s) within 48 hours, and provide proof to ADRIAN.    In the event ADRIAN fails to pay aforementioned amount in a timely manner, the Penny Lane property shall be listed for sale with a broker of MONIKA'S choice.    At closing, MONIKA shall receive the first $60,000.00 in net sales proceeds from the sale of the Penny lane property. Alternatively, MONIKA shall have the right for foreclose the line, and Adrian shall be reasonable attorney's fees and costs associated with said foreclosure.

## ARTICLE VIII
## PERSONAL PROPERTY

8.1    With respect to all personal property, furniture, and household furnishings, the parties have already divided all personal items.  Accordingly, the parties are awarded property in their respective possession or control.

## ARTICLE IX
## FINANCIAL ACCOUNTS

9.1    With respect to any financial accounts, bank accounts, retirement accounts, brokerage accounts, retirement accounts, IRA plans, pensions, the parties are awarded said accounts held in their respective name, free and clear of any claim of the other.

## ARTICLE X
## MINOR CHILD'S ACCOUNTS

10.1    Within one year following entry of this Judgment, ADRIAN shall open and deposit the sum of $10,000.00 to the minor child's college custodial account.    This payment is child related, and shall not be dischargeable in bankruptcy.   Neither party shall withdraw these funds until the age of 18.  Said funds shall be used for the minor child's post high education only.

## ARTICLE XI
## VEHICLES

11.1    With respect to 2016 Ram Pro Master Van and 2007 Kawasaki Motorcycle, these vehicles are hereby awarded to ADRIAN, and he shall be responsible for the payment of all vehicle expenses associated with or attributable to these vehicles, including, but not limited to, monthly loan payment, insurance, repairs and maintenance. ADRIAN shall indemnify and hold MONIKA harmless from and against the payment of any such automobile expenses attributable to these vehicles.

11.2    With respect to MONIKA'S vehicle, 2014 Honda CRV, this automobile is hereby awarded to MONIKA, free and clear of any claim of ADRIAN. MONIKA shall be responsible for the payment of all automobile expenses associated with or attributable, including, but not limited to, lease, auto loan payments, insurance premiums, and regular maintenance. MONIKA shall be solely responsible for all above-delineated expenses. MONIKA shall then indemnify and hold ADRIAN harmless from and against the payment of any such automobile expenses attributable to this vehicle.

## ARTICLE XII
## BUSINESS INTEREST

12.1    ADRIAN is hereby awarded 100% percent of Neron, Inc. and RPM Pro, Inc as his assets, and MONIKA hereby waives any and all claims to these business interests.

## ARTICLE XIII
## ATTORNEY'S FEES

13.1    Judgment in the amount of $5,673.50 in favor of Anna Spears of Spears Law Group, P.C., and against ADRIAN, as and for 508(b) Attorney's Fees, remains in full force and effect.    Adrian shall pay this amount by October 1, 2023.

13.2    ADRIAN hereby agrees to be responsible for all attorney's fees incurred on his behalf, and ADRIAN agrees to waive his right to a hearing on the issue of contribution to his attorney's fees otherwise allowed by section 503(j) of the Illinois Marriage and Dissolution of Marriage Act as now in effect or hereafter amended.

13.3    MONIKA hereby agrees to be responsible for all attorney's fees incurred on her behalf, and MONIKA agrees to waive her right to a hearing on the issue of contribution to her attorney's fees otherwise allowed by section 503(j) of the Illinois Marriage and Dissolution of Marriage Act as now in effect or hereafter amended.

## ARTICLE XIV
## DEBTS

14.1   ADRIAN shall be responsible for paying all credit card bills, any unpaid medical bills, any personal loans, including, but not limited to the loan taken by Neron, Inc, personally guaranteed by ADRIAN in an approximate amount of $275,000, and any other debts personally signed for or otherwise incurred in his own name. ADRIAN further warrants that he has not incurred any liabilities with third parties for which MONIKA might otherwise become liable. If any claim, lawsuit or other cause of action is initiated by any third party under The Rights of Married Persons Act (750 ILCS 65/.01 et seq.) naming MONIKA as a defendant for a debt, liability or other obligation incurred by ADRIAN, then ADRIAN agrees to indemnify and hold MONIKA harmless from and against any such proceedings and will be responsible for any judgments entered on said obligations. ADRIAN further agrees that this indemnification shall apply to any attorney's fees or court costs required to be incurred by MONIKA in defending any claim or cause of action arising from any debts awarded to ADRIAN pursuant to this provision.

14.2   MONIKA shall be responsible for paying all credit card bills, any unpaid medical bills, any personal loans, and any other debts personally signed for or otherwise incurred in her own name. MONIKA shall indemnify and hold ADRIAN harmless from and against payment of any such debts which she has personally incurred. MONIKA further warrants that she has not incurred any liabilities with third parties for which ADRIAN might otherwise become liable. If any claim, lawsuit or other cause of action is initiated by any third party under The Rights of Married Persons Act (750 ILCS 65/.01 et seq.) naming ADRIAN as a defendant for a debt, liability or other obligation incurred by MONIKA, then MONIKA agrees to indemnify and hold ADRIAN harmless from and against any such proceedings and will be responsible for any judgments entered on said obligations. MONIKA further agrees that this indemnification shall apply to any attorneys fees or court costs required to be incurred by ADRIAN in defending any claim or cause of action arising from any debts awarded to MONIKA pursuant to this provision.

## ARTICLE XV
## TAX PROVISIONS

15.1   **Joint returns.** With respect to all federal and state income tax returns filed jointly by the Parties (collectively, the "joint returns"), the parties agree as follows:

Parties' Representations. The Parties represent and warrant that he or she has provided the other with all information relating to his or her taxable income and deductible expenses for the years in which the Parties have filed joint returns. The parties shall indemnify and hold the other harmless for any

additional taxes, penalties or interest, which shall arise from any error or mistakes relative to his or her income and expenses.

<u>Payment of Taxes</u>.   Each party represents and warrants that he or she has paid all federal and state income taxes due in connection with the filing of said joint returns.

<u>Deficiency Assessment</u>.  In the event of a deficiency assessment in connection with any joint return(s), the party who receives notice of the deficiency assessment shall promptly send written notice thereof to the other party. Each party shall pay any amount finally determined to be due as result of his or her income and expenses, including taxes, and penalties, and all costs and expenses incurred.

**<u>Separate Returns.</u>**   Each respective party shall be responsible for any and all unpaid taxes, fees, penalties, attribute their respective income, and the parties shall indemnify and hold the other harmless for any additional taxes, penalties or interest, which shall arise from any error or mistakes relative to his or her income and expenses.

## ARTICLE XVI
## <u>AGREEMENT NONMODIFIABLE</u>

16.1   The parties may only amend or modify this Agreement by a subsequent writing dated and signed by both parties.  No oral agreement shall be effective to, in any manner, modify or waive any terms or conditions of this Agreement.

## ARTICLE XVII
## <u>GENERAL PROVISIONS</u>

17.1   In connection with the aforesaid transfers and releases of property between ADRIAN and MONIKA pursuant to the provisions of this Judgment for Dissolution of Marriage, and in accordance with the general release paragraph of this agreement, the parties contemplate that the property transfers and releases are not subject to Federal or Illinois income tax, as the above-referenced transfers are all being made incident to the divorce of the parties, as contemplated by Internal Revenue Code section 1041.

17.2   <u>Execution of Documents</u>.  Each of the parties hereby agrees to make, execute, acknowledge and deliver, concurrently with the execution hereof, good and sufficient instruments necessary and proper to vest the titles and estates in the respective parties hereto, and from time to time, to make, to execute, acknowledge and

deliver any and all documents which may be necessary or proper to carry out the purposes of this Agreement and to establish of record the sole and separate ownership of the several properties of said parties in the manner herein agreed and provided. If either party hereto for any reason shall fail or refuse to execute any such documents, then this Agreement shall, and it is hereby expressly declared to, constitute a full and present transfer, assignment and conveyance of all rights hereinabove designated to be transferred, assigned and conveyed, and a full, present and effective relinquishment and waiver of all rights hereinabove designated to be relinquished and waived. In the event after thirty (30) days from the effective date of this Agreement, there are necessary documents which either party has failed to execute or deliver, both parties hereby authorize and direct that a Judicial Officer of the Circuit Court of Lake County shall be authorized to make, execute and deliver any and all necessary documents on behalf of either party. This authorization includes, but is not limited to, and all realty, personal property, or beneficial interests in land trusts.

17.3   Mutual Releases. To the fullest extent permitted by law and except as herein otherwise provided, each party releases and relinquishes all rights and claims against the other party and his or her agents, attorneys and servants, and each of the parties does hereby forever relinquish, release, waive, and forever quit claim and grant to the other, his or her heirs, personal representatives and assigns, all rights of maintenance, alimony, inheritance, descent and distribution, homestead, dower, community interest and all other right, title, claim, interest and estate as husband and wife, widow or widower, whether existing by reason of the marital relationship existing between said parties hereto pursuant to any present or future law, or otherwise including any and all right, title, claim or interest which he or she otherwise has or might have or be entitled to claim in, to or against the property, assets and estate of the other, whether real, personal or mixed, whether marital or non-marital, whether community or separate, whether now owned or hereafter in any manner acquired by the other party, whether in possession or in expectancy and whether vested or contingent. Each party further covenants and agrees for himself or herself, his or her heirs, personal representatives and assigns, that neither of them shall at any time hereafter sue the other or his or her heirs, personal representatives, grantees, devises or assigns, agents or servants for the purposes of enforcing any rights specified to be released, waived or relinquished under this Agreement; and each party further agrees that in the event any suit shall be commenced, this release, when pleaded, shall be and constitute a complete defense thereto. Each party further agrees to execute, acknowledge and deliver at the request of the other party, or his or her heirs, personal representatives, grantees, devices or assigns, any or all deeds, releases or other instruments and further assurances as may be required or reasonably requested to effect or evidence such release, waiver or relinquishment of such rights; provided, however, that nothing herein contained shall operate or be construed as a waiver or release by either party to the other of the obligation on the part of the other to comply with the express provisions of this Agreement.

14

17.4    <u>Waiver of Estate Claim.</u>    Each of the parties hereby waives and relinquishes all rights to act as administrator-with-the-will-annexed of the estate of the other party and each of the parties hereto does further relinquish all rights to inherit by interstate succession any of the property of which the other party may die seized or possessed.   Should either of the parties hereto die intestate, this Agreement shall operate as a relinquishment of all right of the surviving party hereafter to apply for letters of administration in any form, and the estate of such deceased party, if he or she dies intestate, shall descend to the heirs of such deceased party, in the same manner as though the parties hereto had never been married, each of the parties hereto, respectively, reserving the right to dispose, by testamentary disposition or otherwise of his or her respective property in any way that he or she may see fit, without restriction or limitation whatsoever, except as otherwise provided herein.

17.5    <u>Incorporation.</u>    This Agreement shall be submitted to the Court for its approval in connection with the parties' pending proceedings before the Court.   The parties shall request the Court to approve this Agreement and have its terms set forth and incorporated in a Judgment, should the Court enter a Judgment.   The parties shall further request the Court, upon entry of any Judgment of Dissolution of Marriage, to retain the right to enforce the provisions of this Agreement.   This Agreement, despite its incorporation, shall survive and continue to have independent legal significance, and this Agreement shall be enforceable as a contract.   The parties further agree to protect the right of privacy of the other and hereby agree not to publish or disclose the terms hereto without the legal or medical necessity therefore.

17.6    <u>Construction of Agreement.</u>
(a)    The recitals set forth at the commencement of this Agreement are made a part of this Agreement.

(b)    The captions contained in this Agreement are for convenience only and are not intended to limit or define the scope or effect of any provision of this Agreement.

(c)    Any word in the text of this Agreement shall be read as a singular or a plural and as masculine, feminine or neuter gender as may be appropriate under the circumstances to carry out the parties' intent.

(d)    The parties may only amend or modify this Agreement by a written agreement dated and signed by them.   No oral agreement shall be effective to in any manner modify or waive any terms or conditions of this Agreement.

(e)    The provisions of this Agreement shall not be subject to subsequent modification by any Court, except by mutual consent of the parties, however, both parties acknowledge that provisions dealing with

custody, visitation and child support are subject to subsequent modification.

(f)     The provisions of this Agreement contain the entire understanding of the parties. No representations, warranties, promises, covenants or undertakings other than those expressly set forth herein have been made by either party to the other.

(g)     This Agreement shall be construed under the general laws of the State of Illinois, irrespective of the later domicile or residence of the Petitioner or the Respondent.

(h)     This Agreement shall become effective immediately upon its execution by the parties provided, however, that the parties, or either of them, shall obtain approval of this Agreement by a Court of competent jurisdiction in conjunction with the entry of Judgment for Dissolution of Marriage.

## SIGNATURES

I, ADRIAN POTRZEBOWSKI, hereby agree and acknowledge that I have had the opportunity to review this Judgment of Dissolution of Marriage and Marital Settlement Agreement and I have had the opportunity to discuss this document with my with my attorney, GREGORY GANCARCZYK of GAN LAW GROUP.   I further acknowledge I understand all of terms and provisions in this Judgment of Dissolution of Marriage, and I am voluntarily signing this document above the line where my name appears.

I, MONIKA  hereby agree and acknowledge that I have had the opportunity to review this Judgment of Dissolution of Marriage and Marital Settlement Agreement and I have had the opportunity to discuss this document with my with my attorney, ANNA SPEARS of SPEARS LAW GROUP, P.C.   I further acknowledge that all of terms and provisions in this Judgment of Dissolution of Marriage have been explained to me and I am voluntarily signing this document above the line where my name appears.

_____ 03/21/2023        _____ 03/21/23
ADRIAN POTRZEBOWSKI        Date        MONIKA POTRZEBOWSKI,   Date
Petitioner        Respondent

**Gan Law Group**
Attorney for Petitioner
161 N. Clark
Chicago, Illinois  60601
17th floor
(312) 981-5060
Attorney No. 6289539
gregory@ganlawgroup.com