UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23bk04752 |
| | ) | |
| Adrian Potrzebowski, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | |

ORDER DENYING MOTION FOR EMERGENCY HEARING

This matter coming before the court on the Emergency Motion to Modify the Automatic Stay (the "Motion") [Dkt. No. 15] filed by Monika Potrzebowski (the "Applicant") to set an emergency hearing on the motion to lift the automatic stay.

NOW, THEREFORE THE COURT FINDS THAT:

A. The Motion fails to comply with Rule 9013-2 of the Local Rules the United States Bankruptcy Court of Northern District of Illinois (the "Local Rules" and, as to each, "Local Rule ___").

B. Local Rule 9013-2(B) requires a party seeking to have a matter heard on an emergency motion first to file an application setting forth why the motion should be heard on an emergency basis. Local Rule 9012-2(B)(1). The proposed emergency motion is only to be attached to the application at this stage. Local Rule 9012-2(B)(2). The purpose of this rule is to allow the judge considering the request to consider the nature of the need for an emergency hearing on an *ex parte* basis without improper communication of the issue's merits in a manner which might deny parties due process.

C. Further, Local Rule 9013-2(A) states a "motion may be treated as an emergency only if it arises from an occurrence that could not reasonably have been foreseen and requires immediate action to avoid serious and irreparable harm." Local Rule 9013-2(A). A party seeking to have a matter heard on an emergency basis must explain compliance with this requirement in the application. Local Rule 9012-2(B)(1).

D. Last, Local Rule 9013-2(D) requires a party to contact the chambers of the emergency judge when the assigned judge is unavailable. Local Rule 9013-2(D).

E. The Motion fails to comply with each of the foregoing, in that: (1) it was not commenced with an application to set an emergency hearing with the motion attached and instead, was commenced with the Motion alone; (2) the Motion further fails to offer any, let alone an adequate, explanation of why – in a case commenced ten days prior to the deadline in question (April 20, 2023) (the "Deadline") – the Deadline could not have been reasonably anticipated and relief sought on normal notice without the need for an emergency hearing; and (3) despite the assigned judge being unavailable, the Applicant did not contact the chambers of the undersigned emergency judge.

F.  Finally, while the court at this stage should not have before it the Motion on its merits, it does, and a review of the Motion makes clear that the Deadline is one for continuing a civil action in a court other than the bankruptcy court on a claim against the debtor. As a result, that deadline is tolled by operation of 11 U.S.C. § 108(c). There is therefore no need to have the relief sought heard on an emergency basis.

IT IS, THEREFORE, HEREBY ORDERED THAT:

1.  The Motion is denied without prejudice to the Applicant bringing her request on appropriate notice at the appropriate time.

ENTERED:

Dated: April 20, 2023

Timothy A. Barnes, Judge
United States Bankruptcy Court